UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-20960-Gold-McAliley**

KHALILAH M. MENDEZ,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.

_____/

FILED by VT D.C.
ELECTRONIC
April 13, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, KHALILAH M. MENDEZ, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, SYNDICATED OFFICE SYSTEMS, INC. d/b/a CENTRAL FINANCIAL CONTROL, is a business entity with its principal place of business at Suite 100, 13737 Noel Road, Dallas, Texas 75240.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following pre-recorded message on Plaintiff's voice mail on her cellular telephone on or about the date stated:

<u>April 14, 2008</u>
This message requesting a return call is from Central Financial Control. Please call our office today at 1-800-345-4261 as soon as possible. Our first available representative will speak with you. Thank you.

2

11. Based upon information and belief, Defendant left similar or identical messages on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

14. Based upon information and belief, Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

16. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

3

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

21. Plaintiff incorporates Paragraphs 1 through 18.

22. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt

collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates Paragraphs 1 through 18.

24. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiff incorporates Paragraphs 1 through 18.

26. By failing to disclose that it is a debt collector and the purpose of its communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates Paragraphs 1 through 18.

28. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages; and

    b. Such other or further relief as the Court deems proper.

## COUNT VI
## DECLARATORY AND INJUNCTIVE RELIEF

29. Plaintiff incorporates Paragraphs 1 through 18.

30. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

31. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or pre-recorded or artificial voice without that person's prior express consent.

32. Plaintiff seeks a permanent injunction prohibiting Defendant from future violations of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendant practices violate the TCPA and the FCCPA;

b. permanently injoining Defendant from engaging in the violative practices; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ____ day of April, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Khalilah M. Mendez

**DEFENDANTS**

Syndicated Office Systems, Inc., d/b/a Central Financial Control

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **MIAMI-DADE**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

1:09cv20960-Gold-McAliley

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
**DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Pers. Injury-Med Malpractice | | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 630 Liquor Laws | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 640 R.R. & Truck | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personnel Property Damage | ☐ 650 Airline Regs | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 690 Other | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | **B SOCIAL SECURITY** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | **A LABOR** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐ 710 Fair Labor Standards Act | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | ☐ 720 Labor Management Relations B | |
| | | | ☐ 730 Labor Management Reporting & Disclosure Act | |
| | | | ☐ 740 Railway Labor Act | |
| | | | ☐ 790 Other Labor Litigation | |
| | | | ☐ 791 Employee Ret. Inc. Security Act B | |
| | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 865 RSI (405(g)) | |
| | | | **A FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS-Third Party 26b USC 7609 | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE   DOCKET NUMBER

DATE: April 12, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 345993   Amount: 350.00   Date Paid: ___   M/ifp: ___

S/F 1-2
REV. 9/94